UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00052-TBR

ASSOCIATED WAREHOUSING, INC.                                            PLAINTIFF

v.

BANTERRA CORP. d/b/a BANTERRA BANK                                 DEFENDANT

## OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Partial Dismissal of Plaintiff's Second Amended Complaint (Docket #40). Plaintiff has responded (Docket #41) and Defendant has replied (Docket #44). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

In 2002, Plaintiff Associated Warehousing, Inc. ("AWI") contacted Defendant Banterra Corporation d/b/a/ Banterra Bank ("Banterra") concerning financing for a construction project for its facility. AWI discussed with Banterra a financing package consisting of three components: two construction loans and a letter of credit. On July 1, 2002, Banterra sent to AWI a term letter stating the terms of the financing package. On July 8, 2002, Banterra closed on the two construction loans. Thereafter, it was discovered that in order to issue the letter of credit, Banterra had to be a rated bank, which it was not.

Banterra reached out to First Tennessee Bank, a rated bank, to obtain a wrap-around letter of credit. However, Banterra was unwilling to accept First Tennessee Bank's request that Banterra guarantee the wrap-around letter of credit and the negotiations failed. On March 19, 2003, Banterra informed AWI that it would issue a letter of credit without endorsing the wrap-

around letter of credit by an additional bank. AWI declined to accept the letter of credit without the wrap-around letter.

AWI's second amended complaint alleges claims of breach of contract, breach of the covenant of good faith and fair dealing, deceit, negligent misrepresentation, and promissory estoppel. Banterra now moves to dismiss AWI's negligent misrepresentation claim.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Under Kentucky law, a person is liable for negligent misrepresentation when "he fails to exercise reasonable care or competence in obtaining or communicating . . . false information for

2

the guidance of others in their business transactions" upon which another party relies to his detriment. *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575, 580 (Ky. 2004) (quoting Restatement (Second) of Torts § 552). "To set forth a claim for negligent misrepresentation, it is imperative to allege, in some form, that false information was supplied or relied upon by a party." *H&R Mech. Contractors, Inc. v. Codell Const. Co.*, Civ. Act. No. 02-CI-24, 2005 WL 3487870, at *3 (Ky. Ct. App. Dec. 22, 2005). "An action for negligent misrepresentation must be based on an affirmative misstatement, not an omission." *Stratton v. American Bd. of Family Medicine, Inc*., No. Civ. A. 04-144-JBC005, WL 2456173, at *6 (E.D. Ky. Oct. 4, 2005) (citing *Leal v. Holtvogt*, 702 N.E.2d 1246, 1253 (Ohio Ct. App. 1998) (applying Restatement (Second) of Torts, § 552)).

Banterra argues that AWI's negligent misrepresentation claim must be dismissed because it is premised upon Banterra's failure to disclose that it was a non-rated bank, which is an omission, not an affirmative misstatement. AWI responds that its negligent misrepresentation claim is not premised upon Banterra's omission of its status as a non-rated bank, but rather upon Banterra's representation in its term letter that it would issue to AWI a letter of credit.

In its second amended complaint, AWI alleges that Banterra represented in its term letter that it would issue to AWI a letter of credit and that Banterra failed to exercise reasonable care to determine that it was rated bank for the purpose of issuing the letter of credit. It was the representation that it would be issued a letter of credit, not whether Banterra was or was not a rated bank, that AWI alleges to have relied upon to its detriment. Construing these allegations in a light most favorable to the plaintiff, the Court finds that AWI has stated a claim for negligent misrepresentation under Kentucky law. Whether or not AWI can support its negligent

misrepresentation claim, as Banterra suggests it cannot, is question to be determined at a later date. At this early stage in the litigation, the Court finds that AWI has alleged sufficient facts to state a claim for negligent misrepresentation.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's Second Amended Complaint is DENIED.